UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------x
STEVEN J. EPSTEIN,

                Plaintiff,

- against -

COMMISSIONER OF SOCIAL SECURITY,

                Defendant.
---------------------------------------------------------x

**MEMORANDUM & ORDER**
19-CV-3624 (PKC)

PAMELA K. CHEN, United States District Judge:

On June 20, 2019, Plaintiff Steven J. Epstein brought this action under 42 U.S.C. § 405(g), seeking judicial review of the decision of the Commissioner of the Social Security Administration ("SSA") denying his claim for Social Security Disability Insurance Benefits ("DIB"). On September 24, 2020, the Court granted Plaintiff's motion for judgment on the pleadings and remanded the Commissioner's decision for further consideration. Now before the Court is the motion of Plaintiff's counsel, Daniel A. Osborn, for approval of attorney's fees under 42 U.S.C. § 406(b), in the amount of $16,300.00. The Court grants his request.

## BACKGROUND

### I. Underlying Litigation

On May 11, 2016, Plaintiff retained Attorney Michael Swaaley to represent him in the administrative proceedings before the SSA. (*See* 5/11/2016 Fee Agreement ("Swaaley Fee Agmt."), Dkt. 22, at ECF[1] 9.) The agreement provided that, "if SSA favorably decide[d] the claim(s), [Plaintiff would] pay [his] representative a fee equal to the lesser of 25 percent of the past-due benefits resulting from [his] claim(s) or $6,000." (*Id.*)

---

[1] Citations to "ECF" refer to the pagination generated by the Court's CM/ECF docketing system and not the document's internal pagination.

1

On May 12, 2016, Plaintiff filed an application for DIB. (*See* Administrative Transcript ("Tr."),[2] Dkt. 10, at 204–05.) An SSA Administrative Law Judge ("ALJ") determined that Plaintiff was not disabled under the Social Security Act and was not eligible for DIB. (*Id.* at 15–28.) The Appeals Council of the SSA's Office of Appellate Operations denied Plaintiff's request for review of the ALJ's decision. (*Id.* at 1–6.)

On June 12, 2019, Plaintiff retained Attorney Osborn to represent him in his appeal of the decision to Federal Court. (*See generally* 6/12/2019 Attorney Fee Agreement ("Osborn Fee Agmt."), Dkt. 21-3.) Plaintiff and Attorney Osborn signed a fee agreement specifying that Plaintiff would pay "[25] percent of past-due benefits resulting from [his] claim or claims" to Attorney Osborn, or any fees awarded under the Equal Access to Justice Act ("EAJA"), whichever amount was greater. (*See id.* at ECF 2.)

On June 20, 2019, Plaintiff timely commenced this action. (*See* Complaint, Dkt. 1; Memorandum and Order, Dkt. 18, at 2 n.3 (explaining timeliness).) On September 24, 2020, the Court granted Plaintiff's motion for judgment on the pleadings and remanded the Commissioner's decision for further consideration. (Dkt. 18.) The Clerk of Court entered judgment and closed this case. (Dkt. 19.)

## II. Attorney's Fees

On October 15, 2020, counsel for the parties stipulated that the Commissioner would pay Plaintiff $6,275.00 in attorney's fees pursuant to EAJA. (Dkt. 20-1.) The Court So Ordered the stipulation. (*See* Order dated 10/18/2020.)

---

[2] Page references prefaced by "Tr." refer to the continuous pagination of the Administrative Transcript (appearing in the lower right corner of each page) and not to the internal pagination of the constituent documents or the pagination generated by the Court's CM/ECF docketing system.

On February 26, 2021, an SSA ALJ, reviewing Plaintiff's case on remand, issued a "Fully Favorable" decision for Plaintiff on his disability claim. (*See* Dkt. 21-6, at ECF 2.) The ALJ withheld $23,784.38 of the award to pay Plaintiff's representative, noting that the SSA "usually withhold[s] 25 percent of past due benefits to pay the approved representative's fees." (Dkt. 21-7, at ECF 4.)

On April 12, 2021, Attorney Osborn filed the instant motion seeking $16,300.00 in attorney's fees under Section 406(b). (*See generally* Dkt. 21-1.) He requests $16,300 because he "billed[] 32.6 [hours] for the legal work performed in this case," so that amount "represents an hourly rate of $500.00." (Dkt. 21-1, at 5–6.)

On April 20, 2021, Attorney Swaaley, who had represented Plaintiff in his initial and remanded administrative proceedings, sent a letter to the Court arguing that "it would be very unfair to have the complete 25% released to Mr. Osborn, as that would leave no funds held back to pay [Attorney Swaaley] any fee." (Dkt. 22, at ECF 1.) Attorney Osborn responded, on April 25, 2021, that he "applied for only 17% of the withheld, past-due benefits, asking for $16,300 out of the $23,784.38 withheld." (Dkt. 23, at 1.)[3]

## DISCUSSION

### I. Legal Standard

Title 42, United States Code, § 406(a) "governs fees for representation in administrative proceedings; § 406(b) controls fees for representation in court." *Culbertson v. Berryhill*, 139 S.

---

[3] The Commissioner of the SSA filed a letter on April 26, 2021, noting, among other things, "that 406(b) fees are awarded for services provided while representing a plaintiff before a federal court, and not for work performed at the administrative level." (Dkt. 24, at 4 n.3.) Plaintiff's fee agreement with Attorney Osborn provides that, "[i]f [Attorney Osborn] is ultimately granted attorney fees pursuant to 42 U.S.C. § 406(b), he will refund the smaller of the amounts between the 406(b) fees and the EAJA fees to [Plaintiff]." (Osborn Fee Ag., Dkt. 21-3, at ECF 2.)

3

Ct. 517, 520 (2019) (quotations omitted). "If the claimant has a fee agreement, subsection [406](a)(2) caps fees at the lesser of 25% of past-due benefits or a set dollar amount—currently $6,000." *Id.* (citing § 406(a)(2)(A); Maximum Dollar Limit in the Fee Agreement Process, 74 Fed. Reg. 6080 (2009)).[4] "Section 406(b) provides that a court may award a 'reasonable fee' that is 'not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled.'" *Diberardino v. Comm'r of Soc. Sec.*, No. 17-CV-02868 (PKC), 2020 WL 6746828, at *3 (E.D.N.Y. Nov. 17, 2020) (quoting 42 U.S.C. § 406(b)(1)(A)). "The Court's determination of fees requested under § 406(b) 'must begin with the agreement.'"[5] *Id.* (quoting *Wells v. Sullivan*, 907 F.2d 367, 371 (2d Cir. 1990)). "The district court may reduce the amount called for by the contingency agreement only when it finds the amount to be unreasonable." *Id.* (quoting *Wells*, 907 F.2d at 371) (brackets omitted). "To determine whether a fee is 'unreasonable,' a district court should consider: (1) 'whether the contingency percentage is within the 25% cap;' (2) 'whether there has been fraud or overreaching in making the agreement;' and (3) 'whether the requested amount is so large as to be a windfall to the attorney.'" *Id.* (quoting *Wells*, 907 F.2d at 372).

**II. Analysis**

The Court finds that the contingency agreement between Plaintiff and Attorney Osborn is reasonable. First, the Fee Agreement specifies that Plaintiff will pay Attorney Osborn "[25] percent of past-due benefits resulting from [his] claim or claims." (Osborn Fee Ag., Dkt. 21-3, at

---

[4] "Absent a fee agreement, subsection (a)(1) gives the agency authority to 'prescribe the maximum fees which may be charged for services performed in connection with any claim' before the agency. If the claimant obtains a favorable agency determination, the agency may allot 'a reasonable fee to compensate such attorney for the services performed by him.'" *Culbertson*, 139 S. Ct. at 520 (quoting 42 U.S.C. § 406(a)(1)).

[5] "[I]f fee awards are made to the attorney under both the EAJA and § 406(b), the attorney must refund to the plaintiff the amount of the smaller fee award." *Diberardino*, 2020 WL 6746828, at *3.

ECF 2.) In his motion, Attorney Osborn requests only approximately 17 percent. (*See* Dkt. 21-1, at 4.) The "contingency percentage is [therefore] within the 25% cap." *Diberardino*, 2020 WL 6746828, at *3 (quoting *Wells*, 907 F.2d at 372). Second, there is no allegation or evidence of "fraud or overreaching in making the agreement." *Id.* (quoting *Wells*, 907 F.2d at 372). Third, $16,300 would not be a windfall to Attorney Osborn. 32.6 hours is a reasonable amount of time to work on a social security case in this Court.[6] $500 per hour is a reasonable rate.[7]

Attorney Swaaley, who represented Plaintiff during the administrative proceedings, argues that "it would be very unfair to have the complete 25% released to Mr. Osborn, as that would leave no funds held back to pay [Attorney Swaaley] any fee that will be awarded by [the SSA]." (Dkt. 22, at ECF 1.) He asks that the Court "take this into consideration when considering how much of a fee to award to Mr. Osborn." (*Id.* at 2.) But, even if he were entitled to do so, Attorney Swaaley does not contest Attorney Osborn's request on the merits. Further, Attorney Osborn is not asking "to have the complete 25% released to [himself]." (*Cf. id.* at 1.) As Attorney Osborn points out, he requests only $16,300 of the $23,784.38 the SSA withheld (Dkt. 23 at 1), which leaves $7,484.38 to be used to pay Attorney Swaaley the $6,000 in fees he is owed pursuant to his

---

[6] *See, e.g.*, *Collins v. Saul*, No. 16-CV-6673 (PKC), 2020 WL 4676353, at *2 (E.D.N.Y. Aug. 11, 2020) (24.5 hours of work); *Tamburri v. Saul*, No. 16-CV-5784 (PKC), 2019 WL 6118005, at *1 (E.D.N.Y. Nov. 18, 2019) (29.4 hours of work); *Morris v. Saul*, No. 17-CV-259 (PKC), 2019 WL 2619334, at *1 (E.D.N.Y. June 26, 2019) (32.5 hours of work); *Sweda v. Berryhill*, No. 16-CV-6236 (PKC), 2019 WL 2289221, at *1 (E.D.N.Y. May 28, 2019) (34.9 hours of work); *Rivera v. Berryhill*, No. 13-CV-5060 (PKC), 2018 WL 2436942, at *1 (E.D.N.Y. May 30, 2018) (39.5 hours of work); *Colon v. Berryhill*, No. 15-CV-06314 (PKC), 2018 WL 1730335, at *1 (E.D.N.Y. Apr. 9, 2018) (21.8 hours of work); *Karki v. Comm'r of Soc. Sec.*, No. 13-CV-6395 (PKC), 2018 WL 1307947, at *1 (E.D.N.Y. Mar. 13, 2018) (21.1 hours of work).

[7] *See, e.g.*, *Long v. Comm'r of Soc. Sec.*, No. 18-CV-1146 (PKC), 2020 WL 6545904, at *3 (E.D.N.Y. Nov. 6, 2020) (finding that a $500 hourly rate "satisfies the underlying policy goal of ensuring that claimants have qualified counsel representing them in their social security appeals"); *Rivera*, 2018 WL 2436942, at *3 (reducing fees to an "hourly rate of $500").

5

agreement with Plaintiff (*see* Dkt. 22, at ECF 9) and Section 406(a)(2)(A), *see Culbertson*, 139 S. Ct. at 520. The Court therefore rejects Attorney Swaaley's objection to Attorney Osborn's fee request.

## CONCLUSION

The Court grants Attorney Osborn's motion for $16,300 in attorney's fees. The Commissioner is instructed to disburse this amount to Osborn Law, P.C.

SO ORDERED.

*/s/ Pamela K. Chen*
Pamela K. Chen
United States District Judge

Dated: May 19, 2021
      Brooklyn, New York